MARIA FOSTER, Plaintiff, *v.* ANNA M. KENNY and Others, Defendants, Impleaded with NEAL D. BECKER, as Executor of and Trustee under the Last Will and Testament of WILLIAM J. K. KENNY, Deceased, Appellant, and THOMAS F. SHEEDY, Respondent.

*Mortgage — foreclosure — attorney's   services — reimbursement   to   mortgagee in possession.*

Appeal by the defendant, Neal D. Becker, as executor and trustee, from a judgment of the Supreme Court in favor of the respondent, entered in the

office of the clerk of the county of Nassau on the 20th day of October, 1916, upon the decision of the court after a trial at the Nassau Special Term, confirming the report of sale by a referee of certain real property belonging to the estate of William J. K. Kenny, deceased, with notice of an intention to bring up for review the interlocutory judgment entered in said clerk's office on the 27th day of May, 1916, and also the report of the referee and the order confirming said report.

PER CURIAM: The court had jurisdiction of the parties and the entire subject-matter, and was empowered to complete the adjustment between the parties by directing a foreclosure of the mortgage found by it. There is consideration in the contract for the agreement for the payment of the Merrick losses. It is in itself sufficient that Sheedy undertook the grave task imposed upon him, for which he was in no event to receive compensation unless the proceeds of the land exceed the sums that were required to be paid. But the contract made with Armstrong & Keith, although made in good faith, in fact avoids that stipulation by undertaking to pay them not only for legal and other work, but for the very services for which Sheedy was to receive fifteen per cent on the excess proceeds of the land. The court has found that Sheedy is not entitled to any part of the fifteen per cent. This court cannot review the finding, and yet his lawyer would recover for services imposed upon him. As one of the firm testified, " We managed, controlled and handled the property entirely as an owner or as a mortgagee in possession with the widest sort of powers either one would or could do," and for such services, apart from the litigation, he said that he was claiming $14,000 to $16,000. This and other evidence shows clearly that the sum covers services which Sheedy undertook to do and for which he is precluded from recovering. Hence, Sheedy had no right to make a contract with Armstrong & Keith fixing a compensation that in part covers such services. As the contract is entire, this court can but fix the sums that Sheedy should receive upon the basis of the value. In doing this, the services rendered in the case of *Carmichael* v. *Sheedy*, the incompetency proceeding, in the matter of the divorce and the Kenny will, are deemed quite foreign to the contract; but all services rendered by Armstrong & Keith are found to be of the value of $20,250, and it is deemed just that Sheedy should also be allowed the sum of $650, the sum paid to Vreeland & Sprague. In view of the state of the judgment, this court cannot allow Sheedy fifteen per cent on the surplus. The judgment and findings will be modified accordingly, and as modified affirmed, with costs and disbursements to all parties payable from the fund. Jenks, P. J., Thomas, Mills, Rich and Putnam, JJ., concurred. Judgment and findings modified in accordance with opinion and as modified affirmed, with costs and disbursements to all parties payable from the fund. Order to be settled on notice.